UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

JODY R. LINDQUIST (f.k.a. Walker),　　　　　　　CASE NO.: 2:11-CV-1040
　　　　　　　PETITIONER

　　-AND-

MARK A. WALKER, DOES 1 through 10,
　　　　　　　RESPONDENT.

**COMPLAINT**

　　　　Plaintiff, by and through her attorney, Matthew H. Marx, as claims against the above-named defendant, alleges and shows the court as follows:

　　　　1.　　The plaintiff, Jody R. Lindquist, formerly known as Jody R. Wentz and Jody R. Walker, is an individual domiciled in the state of Wisconsin, and has been a resident for at least the last 6 months. Her address is 7835 Harwood Ave., Wauwatosa, WI 53213.

　　　　2.　　The defendant, Mark A. Walker, is a resident of the state of New York. His last known address is 2101 Southwest 136th Avenue, Davie, FL 33325. The plaintiff at this time is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. The plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained. Each of these Defendants is responsible in some manner for Plaintiff's damages, as herein alleged.

　　　　3.　　The Plaintiff and defendant were married on December 31, 2008 in Las Vegas, NV.

　　　　4.　　The plaintiff and defendant were separated on June 30, 2010. They were divorced in the state of Minnesota on May 24, 2011 by decree of the district court of Hennepin County in case number 27-FA-112564.

　　　　5.　　The defendant claimed to be born on August 17, 1966 (as shown on his MN driver's license). According to the Social Security office and his passport his actual birth date is August 17, 1958.

　　　　6.　　On or about November 2007, the plaintiff and defendant first became acquainted. The two parties were engaged on the defendant's birthday in 2008. The defendant at all relevant times during the growth of their relationship held himself out as a finance and accounting

specialist. He claimed to be the owner of property in the state of Arizona, 6229 Maya drive parcel #20107250, Phoenix, AZ. He held himself out as to earning $275,000.00 plus substantial bonuses. He went as far as to state that he was a Licensed CPA.

7. Ever since their initial meeting the defendant has actively perpetrated a plan and scheme to defraud the Plaintiff. The defendant initially represented his status as being single since 1997 all the way up to the time of his marriage to the plaintiff in late 2008.

8. The plaintiff alleges upon information and belief that the defendant, Mr. Walker, was married to Karen Lynn Mack on May 31, 2006 in Florence, Italy. The judgment and decree of divorce was not entered until February 2, 2009, when the marriage was declared void ab initio because of his continued Marriage to Joann M. Walker at least as of the date of the marriage between Mr. Walker and Ms. Karen Lynn Mack. It is for this technicality alone that the words spoke by Mr. Walker were actually true.

9. The defendant induced the plaintiff to finance a car for the defendant stating that he would put the money down on the home they would purchase together. The home was never purchased.

10. The defendant made repeated representation regarding his particularized skills with respect to financial management and accounting. In keeping with his plan and scheme he induced the plaintiff to remove her life savings, $140,380.00 from her 401(k) for a business venture and business expenses. No business was ever started.

11. In late 2008 through early 2009, the defendant convinced the plaintiff to charge $50,000.00 of expenses on her personal credit card with the promise it would be paid off in full with a large bonus check he was to receive in 2009. This pay off never happened, in fact the entirety of that payment was garnished for child support arrearages.

12. The defendant made representations that he had particular skill in filing and managing tax returns. With this he specifically represented that he would and was filing the tax returns for the couple for specific tax years they were married. He failed to file those returns and he has thus force the plaintiff to incur nearly $65,000.00 in unpaid taxes to both the Federal Government and the State of Minnesota.

13. Thereafter, starting on or about September of 2010 and continuing through July of 2011, Plaintiff discovered the truth regarding the above referenced transactions as follows:

    a. That monies withdrawn from the 401(k) of the plaintiff by the inducement the defendant's representations were not actually used to fund business opportunities, but were instead converted to the defendant's sole use and benefit.

    b. That the taxes that where to be filed and paid for by the defendant with money from the withdrawal of 401(k) funds were neither filed nor paid.

c. That penalties and interest have accrued as a consequence of the sole actions of the defendant.

14. The defendant made representations that he had particular skill in dealing with foreclosures and negotiating settlements regarding such. In keeping with his plan and scheme he induced the plaintiff to stop paying her house payment and allow it to be foreclosed on by the bank.

15. On or about August 2008, the defendant convinced the plaintiff to give him special power of attorney to negotiate and deal with the home foreclosure. Although the defendant dealt with the first mortgage on the property, he did not deal with the 2nd mortgage that she had on the property. Thus causing that to stay on her record after the foreclosure ended.

WHEREFORE, the plaintiff prays for a judgment as hereinafter se forth.

### First Claim for Relief
### (Intentional Misrepresentation)

As for the first, separate and distinct cause of action against the defendant, the plaintiff alleges:

16. The plaintiff realleges and incorporates herein paragraphs 1-15 as if full set forth herein.

17. In Defendant, Walker's making of the misrepresentations set forth above, Defendant knew these representations to be false and did so with the intent of inducing the Plaintiff to extend monies to Defendant as herein above stated.

18. Had the Plaintiff known that the statements made by the Defendant were false, the Plaintiff never would have made any of the withdrawal or extension of monies for Defendant's own use and benefit as above stated.

19. As a direct and proximate result of the actions of the Defendant, the Plaintiff has been damaged as follows:

(a) loss of the monies withdrawn from the Plaintiffs 401(K) in order for the Defendant to start a business, which the defendant wrongfully converted - $140,380.00.

(b) loss of the monies owed to the Federal Government and the State of Minnesota for the taxes owed in tax years 2008 and 2009, which the defendant wrongfully converted - $65,000.00.

(c) loss of the monies used to pay to defend the Plaintiff in the actions brought by the Federal Government and the State of Minnesota - $2,500.00.

(d) loss of the monies paid to purchase the Mercedes Benz for the Defendant - $25,000.00

(e) loss of monies charged to plaintiffs personal credit card for expenses of the defendant- $50,000.00.

(f) loss of monies associated with the second mortgage on the foreclosed home in Minnesota - $49,361.00.

20. As a further direct and proximate result of the acts alleged above, Plaintiff did in fact suffer humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body in an amount to be determined according to proof.

21. The aforementioned conduct of the Defendant consisted of intentional misrepresentations, or concealments of a material fact known to the Defendant with the intention of the part of the Defendant of thereby depriving Plaintiff of property or other legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in and amount according to proof.

WHEREFORE, the Plaintiff prays for a judgment as hereinafter set forth.

## Second Claim for Relief
### (Negligent misrepresentation)

As for the second, separate and distinct cause of action against the defendant, the plaintiff alleges:

22. The plaintiff realleges and incorporates herein paragraphs 1-21 as if full set forth herein.

23. When the Defendant made these representations as herein above alleged, he had no honest or reasonable grounds for believing them to be true.

24. The defendant made these representations with the intention of inducing Plaintiff to act in reliance on these representations as herein alleged, or with the expectation the plaintiff would so act.

25. As a direct and proximate result of the actions of the defendant, Plaintiff has suffered damages as set forth in paragraphs 19 through 21.

WHEREFORE, the Plaintiff prays for a judgment as hereinafter set forth.

## Third Claim for Relief
### (Promise without the intent to perform)

As for the third, separate and distinct cause of action against the defendant, the plaintiff alleges:

26. The plaintiff realleges and incorporates herein paragraphs 1-25 as if full set forth herein.

27. At all times mentioned herein, the Defendant promised that all monies extended were being used either to set up businesses for the benefit of the Plaintiff, reimbursed upon receipt of bonuses from defendants employer or that the monies would be replaced in kind (purchasing of a home).

28. The Defendant further promised that the taxes for the aforementioned tax years, had been filed and paid.

29. The aforementioned promises were all made by the Defendant with the intent to induce the Plaintiff to so act in extending monies to defendant and placing said monies under the control as herein above alleged.

30. At the time the Defendant made these promises to the Plaintiff, the Defendant had no intentions of performing them.

31. At the time the Plaintiff took actions in extending the monies to the Defendant, Plaintiff was ignorant of the Defendant's secret intention not to perform the promises of investing in businesses and not paying the tax burden for the aforementioned tax years.

32. As a direct and proximate result of the actions of the defendant, Plaintiff has suffered damages as set forth in paragraphs 19 through 21.

WHEREFORE, the Plaintiff prays for a judgment as hereinafter set forth.

## Fourth Claim for Relief
### (Constructive Fraud)

As for the fourth, separate and distinct cause of action against the defendant, the plaintiff alleges:

33. The plaintiff realleges and incorporates herein paragraphs 1-32 as if full set forth herein.

34. Beginning on or about 2008, Defendant Walker fostered and maintained a close and confidential relationship with plaintiff. Additionally, by virtue of the Special power of Attorney obtained by Defendant from plaintiff, Defendant furthermore took on duty of maintaining a fiduciary relationship with Plaintiff as Statutorily defined in the Wisconsin Statutes § 403.307.

35. Having obtained Power of Attorney over plaintiff's finances, Defendant in violation of his relationship of trust and confidence abused this trust by failing to negotiate appropriately and accurately with the mortgage companies.

36. Defendant did the acts herein alleged with the intent to deceive and defraud the Plaintiff.

37. Plaintiff in fact placed confidence and reliance in Defendant until on or about August of 2010, when Plaintiff began divorce proceedings. Plaintiff started noticing that the defendant had not done those things he said he was going to do (file taxes, negotiate foreclosure, etc.). The plaintiff in this regard had reasonably relied on the defendant in consideration of their long standing confidential relationship and fiduciary obligations taken on by the Defendant for Plaintiff's benefit.

38. As a direct and proximate result of the actions of the defendant, Plaintiff has suffered damages as set forth in paragraphs 19 through 21.

WHEREFORE, the Plaintiff prays for a judgment as hereinafter set forth.

### Fifth Claim for Relief
### (Breach of Fiduciary Duty)

As for the fourth, separate and distinct cause of action against the defendant, the plaintiff alleges:

39. The plaintiff realleges and incorporates herein paragraphs 1-38 as if full set forth herein.

40. Beginning on or about 2008, Defendant Walker fostered and maintained a close and confidential relationship with plaintiff, specifically as plaintiff's purported finance and business advisor. Additionally, by virtue of the Special power of Attorney obtained by Defendant from plaintiff, Defendant furthermore took on duty of maintaining a fiduciary relationship with Plaintiff as Statutorily defined in the Wisconsin Statutes § 403.307. Because of this relationship entered into voluntarily be the defendant he subjected himself to the rigors imposed by law with respect to the use of the highest degree of good faith and fidelity to Plaintiff in handling the Plaintiffs affairs, namely the mortgage foreclosures on her home.

41. Defendant breached this fiduciary obligation by failing to negotiate appropriately with the banks regarding the plaintiff's foreclosure.

42. As a direct and proximate result of the actions of the defendant, Plaintiff has suffered damages as set forth in paragraphs 19 through 21.

WHEREFORE, the Plaintiff prays for a judgment as hereinafter set forth.

WHEREFORE, the Plaintiff prays for judgment as follows:

1. For special damages consisting of out of pocket loss in a sum to be determined according to proof, but in no event less than $332,241.00.

2. For damages as a result of emotional distress and mental suffering in a sum to be determined according to proof.

3. For punitive damages in a sum to be determined according to proof.

4. For such other relief as the court deems just and appropriate.

Dated this 30th day of September, 2011.

The Marx Law Firm
Attorneys for the Plaintiff

By _____
Atty. Matthew H. Marx
WISBAR# 1027917

8989 North Port Washington Road
Suite 201
Milwaukee, WI 53217
(414)378-3900 Phone
(414)352-0909 Facsimile